UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CHRISTOPHER TORRES,

       Plaintiff,

   -against-

CITY OF NEW YORK; Police Officer JUAN RUIZ, Shield No. 30382; Police Officer JAMES COONEY, Shield No. 12527; Police Officer THOMAS MIKALINIS, Shield No. 21162; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

       Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

14 CV 6490

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Christopher Torres ("plaintiff" or "Mr. Torres") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Juan Ruiz, Shield No. 30382 ("Ruiz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ruiz is sued in his individual and official capacities.

10. Defendant Police Officer James Cooney, Shield No. 12527 ("Cooney"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cooney is sued in his individual and official capacities.

11. Defendant Police Officer Thomas Mikalinis, Shield No. 21162 ("Mikalinis"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mikalinis is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately noon on February 25, 2014, Mr. Torres was lawfully walking in the vicinity of 160 Boerum Street in Brooklyn, New York.

16. An unknown person in an unmarked van yelled out to plaintiff, calling him toward the van.

17. Scared, plaintiff ran toward the door to his apartment building.

18. As plaintiff approached his door, one of the defendant officers exited from the door, pointing his gun directly in plaintiff's face at point blank range.

19. Mr. Torres stood there terrified as the officer trained his gun on plaintiff.

20. At that same time, the officer gratuitously slammed his radio against Mr. Torres' skull.

21. The defendant officers then violently arrested Mr. Torres as he bled from his head.

22. Even though the defendants' conduct was completely unlawful, Mr. Torres did not resist arrest.

23. It was obvious that Mr. Torres needed medical treatment for the wound to his head, and Mr. Torres asked the officers to call an ambulance.

24. Instead, the officers put plaintiff in a police car and took him to the PSA 3 precinct.

25. At the precinct, an ambulance was ultimately called.

26. Mr. Torres was taken to Woodhull Hospital and his wound was closed with stitches.

27. Plaintiff was taken back to the precinct, where the officers were busily preparing false paperwork charging Mr. Torres with resisting arrest and other crimes. That false paperwork was forwarded to the Kings County District Attorney's office.

28. Mr. Torres was taken to Brooklyn Central Booking and arraigned on

charges of resisting arrest and marijuana possession.

29.     After approximately 24 hours in custody, Mr. Torres was released.

30.     After several court appearances, the criminal charges against Mr. Torres were ultimately dismissed and sealed.

31.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

-5-

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Assault and Battery

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The individual defendants created false evidence against plaintiff.

47. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

52. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

53. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

54. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

58. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

59. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

63. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

64. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference to Medical Needs

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The individual defendants were aware of plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

68. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 3, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*